10-4798-cr
United States v. Morrow

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of March, two thousand twelve.

PRESENT:
>           PIERRE N. LEVAL,
>           ROBERT D. SACK,
>           PETER W. HALL,
>                   *Circuit Judges*.

───────────────────────────────────────────

United States of America,

>           *Appellee*,

>                   v.                                              10-4798-cr

Joanne Allen,

>           *Defendant*,

Neb Morrow, III,

>           *Defendant-Appellant*.

───────────────────────────────────────────

FOR APPELLANT:                Neb Morrow, III, *pro se*, Auburn, NY.


FOR APPELLEE:                 Brian A. Jacobs, Iris Lan, Assistant United States Attorneys, *of counsel*, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.


Appeal from a judgment of the United States District Court for the Southern District of New York (Marrero, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Neb Morrow, III, proceeding *pro se*, appeals from the district court's judgment denying his request for an adjournment of his trial date, denying his motion for a judgment of acquittal pursuant to Fed. R. Crim. P. 29, and overruling his objection to the district court's jury instructions. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.     Venue

Morrow complains that venue was not proper in the Southern District of New York, which includes Manhattan. Venue in the Southern District of New York was properly supported in two ways—first by evidence that Morrow, in furtherance of the robbery conspiracy, attempted to rob a Radio Shack store in Manhattan, and, second, by evidence that interstate commerce in the Southern District of New York was affected when, as a result of the robbery of Radio Shack stores in Queens and Brooklyn and the attempt in the Manhattan store, the Manhattan store was closed for two hours.

**II.     The Alleged Suppression of Exculpatory Evidence**

Morrow further argues that he was denied due process of law in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), because the police suppressed and failed to turn over to him the surveillance video in the Manhattan store, which he asserts might have shown that it was not he who tried to rob it, and a box in the store that was handled by the person who entered, which might have had fingerprints on it.  But he has made no showing that the police ever had possession of the evidence, or destroyed or suppressed it, much less that the evidence would have supported his claim.

**III.     Denial of Adjournment Request**

The decision whether to grant an adjournment or a continuance is a matter "traditionally within the discretion of the trial judge."  *United States v. O'Connor*, 650 F.3d 839, 854 (2d Cir. 2011) (internal quotation marks omitted).  We review an order denying a continuance for abuse of discretion, and "will find no such abuse unless the denial was an arbitrary action that substantially impaired the defense."  *Id.* (internal quotation marks omitted).  "The burden of showing such an impairment is on the party complaining of the lack of a sufficient continuance."  *Id.*  Here, the district court did not abuse its discretion in denying Morrow's second request to adjourn the trial date.

**IV.     Post-Submission Motion**

After the case was submitted to the Court, Morrow filed a motion to supplement the record on March 8, 2012, pursuant to Fed. R App. P. 10(e)(2)(C).  Morrow seeks permission to add trial transcripts from a state-court proceeding that, he asserts, demonstrate that a police officer who testified at Morrow's trial lied about the circumstances leading to Morrow's arrest.

3

The state trial, however, took place after the federal trial on which this appeal is based. Because the proposed new materials could not have been part of the district court record in any event, *see* Fed. R. App. P. 10(e)(2), we deny the motion.

We have considered Morrow's other arguments on appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk